**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

RICARDO SHAW,                                          *

     **Plaintiff,**                                      *

v.                                                                          **Case No.: GJH-17-1699**

                                             *

CAPTAIN CHARLES GILES, *et al.*,                      *

     **Defendants.**                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Ricardo Shaw brought this civil action against Defendants Captain Charles Giles, Lieutenant K. Barney, and unnamed Corrections Officers based on his time as a pretrial detainee at Baltimore City Booking and Intake Center ("BCBIC"), an institution under the auspices of the Maryland Division of Pretrial Detention and Services ("DPDS"). ECF No. 1. Pending before the Court is Defendant Giles' Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 14.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant Giles' Motion to Dismiss or, in the Alternative, for Summary Judgment is granted.

**I.        BACKGROUND**

Plaintiff's claim stems from his period of pretrial detention at BCBIC. ECF No. 1. He alleges that on the morning of June 23, 2016, he was informed that he was being moved from Housing Unit 4 Center at BCBIC to the Jail Annex Building ("the Annex") and that he needed to

---

[1] Also pending is Defendant Giles' Motion to Dismiss Pursuant to Local Rule 102(1)(b)(iii), ECF No. 16, in which he seeks dismissal of the claims against him based on Plaintiff's purported failure to provide notice of his new address since his release from incarceration. Plaintiff did provide his new address to the Court, *see* ECF No. 11, so the Motion is denied.

pack his possessions. *Id.* at 3.[2] Plaintiff states that he refused the order to pack his possessions because he was not receiving proper medical treatment or pain medicine for his "drop foot" condition. Defendant Giles came to speak with Plaintiff about the move and listened to Plaintiff's complaints. *Id.* at 3–4. Defendant Giles told Plaintiff that correctional staff called the medical office and were advised that Plaintiff had no documentation of any medical issues. *Id.* After Defendant Giles left, Defendant Barney came to speak with Plaintiff. *Id.* Plaintiff informed Defendant Barney about his drop foot condition. *Id.*

At approximately 12:30 p.m., the tactical team entered Plaintiff's cell while he was asleep and "snatched" him from the top bunk, causing him to hit his head on the floor. *Id.* at 4. Plaintiff was then handcuffed and escorted to the medical unit in his socks and underwear and without shoes, which caused him to trip due to his foot condition. *Id.* at 4. After he was seen by medical providers, Plaintiff was transferred to the Annex. *Id.* He was later issued a rule infraction for disobeying orders. *Id.*

On July 21, 2017, Plaintiff filed the Complaint in this case. ECF No. 1. Construed liberally, the Court will read the complaint as alleging excessive force in violation of the Fourteenth Amendment. Defendant Giles filed his Motion to Dismiss or, in the Alternative, for Summary Judgment on September 13, 2019. ECF No. 14. The Clerk of the Court sent Plaintiff a Notice directing him to respond to Defendant's Motion that same day, ECF No. 15, but Plaintiff has not responded.

## II.    STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendant's Motion is styled as a Motion to Dismiss or, in the Alternative, for Summary Judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity

to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S.

at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

Moreover, where, as here, the plaintiff is proceeding *pro se*, the Court reads the pleadings generously. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, the Court must also fulfill its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted).

## III.   DISCUSSION

Defendant Giles contends that Plaintiff's claim against him must be dismissed for failure to state a claim or, in the alternative, that he is entitled to summary judgment because Plaintiff did not administratively exhaust his claims before filing this case.

### A.  Failure to State a Claim

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment," *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). A pretrial detainee must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Plaintiff does not identify Defendant Giles as a member of the tactical team, and he does not claim that Giles was present during the cell extraction or that Giles planned or ordered the extraction. He also does not allege that Giles escorted him to the medical office, that he was present during the medical examination, or that he escorted him to the Annex. Moreover, Plaintiff does not claim that Defendant Giles was present during, or took any part in, the decision to effectuate his cell extraction and transfer. Plaintiff does not link his discussion with Defendant Giles to his discussion with Defendant Barney or to the alleged actions of correctional officers during or after the cell extraction, the visit to medical, or the move to the Annex. Thus, he has not alleged the necessary requirements for an excessive force claim against Defendant Giles.

Furthermore, Plaintiff does not allege Defendant Giles is culpable as a supervisor. Vicarious liability, or *respondeat superior*, does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Instead, liability of supervisory officials "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737

F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under §1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) an affirmative causal link existed between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Here, Plaintiff sets forth no allegations to meet these requirements. Accordingly, Plaintiff has failed to state a constitutional claim of excessive force against Defendant Giles.

### B.  Administrative Exhaustion

Even if Plaintiff had stated a claim against Defendant Giles for which relief could be granted, all Defendants are still entitled to summary judgment because Plaintiff did not exhaust his administrative remedies before filing his Complaint. Claims that are not administratively exhausted must be dismissed pursuant to the Prison Litigation Reform Act ("PLRA"), which provides, in pertinent part, that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

7

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534

U.S. 516, 532 (2002).

DPDS maintains a four-step administrative grievance process to address detainee

complaints. *See* ECF No. 14-2 ¶¶ 3–7 (outlining grievance resolution process). Plaintiff alleges

that he filed a grievance through the administrative remedy procedure and that his grievance and

subsequent appeal were denied, ECF No. 1 at 2, but he has not provided a copy of the grievance

or appeal, the dates they were filed and denied, or the case numbers assigned to them. On the

other hand, in support of his dispositive motion, Defendant Giles has provided a declaration from

the Director of Standards, Compliance and Litigation for DPDS that states Plaintiff filed no

grievances or complaints concerning his pretrial detention.  ECF No. 14-2 ¶ 11. Accordingly, the

Court finds that as to the issue of exhaustion, there is no genuine issue of material fact in dispute,

and Defendants are therefore entitled to summary judgment in their favor.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Giles' Motion to Dismiss or, in the Alternative, for

Summary Judgment, is granted. The Complaint is dismissed as to all parties. A separate Order

shall issue.


Date: August  29, 2020                                    /s/_____
                                                         GEORGE J. HAZEL
                                                         United States District Judge

8